UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RICHARD WILLIAMS, JR.

                    Plaintiff,                    **COMPLAINT**

   -against-

**CHALLENGER EQUIPMENT CORP., JOHNITA ANTHONY, AURORA ANTHONY,**

                   Defendants.
------------------------------------------------------------------X

## JURISDICTION AND VENUE

1. This action arises under the Fair Labor Standards Act ("FLSA"), §29 U.S.C. 201 <u>et. seq.</u>

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. §216. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the **Southern** District of New York according to 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

## THE PARTIES

4. Plaintiff **RICHARD WILLIAMS, JR. ("WILLIAMS")** resides in Yonkers, New York, 10701.

5. On information and belief, Defendant **CHALLENGER EQUIPMENT CORP.** ("**Challenger Equip.**") is a **New York** State **domestic corporation** conducting business in the State of New York, and is doing business in New York State at 52 **S. 3rd Avenue, Mount Vernon, New York, 10550**.

6. On information and belief, defendant **Johnita Anthony ("Johnita")** is an individual who resides in Westchester County in **New York State** and owns all or part of **Challenger Equip.** and was the supervisor of the Plaintiff during all times material hereto.

7. On information and belief, defendant **Aurora Anthony ("Aurora")** is an individual who resides in Westchester County in **New York State** and owns all or part of **Challenger Equip.** and was the supervisor of the Plaintiff during all times material hereto.

## BACKGROUND FACTS

8. Defendant **Challenger Equip.** is an "employer" under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

9. **Challenger Equip.** is a company that provides **commercial kitchen appliance repair services**.

10. On information and belief, **Challenger Equip.**, is owned, in whole or in part, and controlled by defendants **Johnita**.

1

11. On information and belief, **Challenger Equip.**, is owned, in whole or in part, and controlled by defendants **Aurora.**

12. Plaintiff engaged in interstate commerce within the meaning of the FLSA by regularly using the instrumentalities of interstate commerce to perform work, which was directly essential to defendants' business, including driving a vehicle that was manufactured outside of the State of New York, purchasing gasoline to fuel the vehicle, using tools that were manufactured outside the state of New York, and performing work for businesses located outside the state of New York.

13. At all relevant times herein, Defendants **Challenger Equip., Johnita, and Aurora each individually had** the authority to:

    i. Hire employees of **Challenger Equip**.

    ii. Fire employees of **Challenger Equip**.

    iii. Set wages for employees of **Challenger Equip**.

    iv. Maintain payroll records for employees of **Challenger Equip.**

14. Defendants are involved in an industry affecting commerce within the meaning of the FLSA because defendants serve customers located outside the State of New York, purchase goods that were **manufactured** from locations outside the State of New York, and deliver services that are made and/or delivered to locations outside the State of New York.

15. Defendant **Challenger Equip.** annual revenues exceed $500,000 for the year 2015**.**

16. Defendant **Challenger Equip.** annual revenues exceed $500,000 for the year 2014.

17. Defendant **Challenger Equip.** annual revenues exceed $500,000 for the year 2013.

18. The business activities of the Defendants are related and performed through unified operation or common control for a common business purpose.

19. Since starting employment, Defendants computed Plaintiff's workweek for purposes of computing payroll beginning on Saturday and ending on Friday.

20. For the entire tenure of his Employment, Plaintiff was paid bi-weekly.

21. On information and belief, Defendants failed to keep accurate and sufficient payroll and time records, as required by law.

22. Plaintiff worked as a commercial appliance repair person who engaged in the following duties:  drive to and repair kitchen equipment at various commercial restaurants.

**PLAINTIFF Richard Williams**

23. Defendants employed Plaintiff **WILLIAMS** as an appliance repair person.

24. Defendants employed Plaintiff **Williams** during the year 2010.

25. Defendants employed Plaintiff **Williams** during the year 2011.

26. Defendants employed Plaintiff **Williams** during the year 2012.

27. Defendants employed Plaintiff **Williams** during the year 2013.

28. Defendants employed Plaintiff **Williams** during the year 2014.

29. Defendants employed Plaintiff **Williams** during the year 2015.

30. Plaintiff **Williams** stopped working for Plaintiffs in June 2015.

31. At all relevant times hereto, Plaintiff **Williams** was not exempt from the FLSA.

32. At all relevant times hereto, Plaintiff **Williams** did not have the authority to hire employees of **Challenger Equip.**

33. At all relevant times hereto, Plaintiff **Williams** did not have the authority to fire employees of **Challenger Equip.**

34. At all relevant times hereto, Plaintiff **Williams** did not supervise employees of **Challenger Equip**.

35. At all relevant times hereto, Plaintiff **Williams** did not use his independent judgment while working for **Challenger Equip**

36. At all relevant times hereto, Plaintiff **Williams** did not use his independent discretion while employed by **Challenger Equip**.

37. **Defendants defined** Plaintiff **Williams** regularly work week as Saturday through Friday.

38. Plaintiff **Williams** did not have a regular set daily start time while employed by Defendants.

39. Plaintiff **Williams** did not have a regularly set daily end time while working for Defendants.

40. During Plaintiff's entire tenure of employment with Defendants, Defendants paid Plaintiff **Williams an hourly rate of pay**.

41. **Plaintiff Williams** regularly worked **45- 55 hours** every workweek.

42. Every day Plaintiff actually performed work for Defendants, Plaintiff **Williams** would track his hours worked by handwriting in on a time sheet the time he arrived at his first job for the day and handwriting on the time sheet the time he returned to the **Challenger Equip.** headquarters at the end of his workday.

43. Defendants failed to pay Plaintiff **Williams** overtime pay at a rate of 1.5 times regular hourly rate for all hours worked in excess of 40 hours in the workweek.

44. Defendants would not properly count all of the hours logged by Plaintiff **Williams** on his time logs when computing the hours worked by Plaintiff Williams when determining his compensation.

45. Defendants would not pay Plaintiff **Williams** for all hours worked by their systematic failure to compute the proper number of hours Plaintiff **Williams** worked each workweek.

46. Defendants would deduct a 1-hour lunch period from each day worked by Plaintiff when

3

computing Plaintiffs compensation.

47. Plaintiff never took a 1-hour lunch break while employed by Defendants.

48. Periodically, Defendants would require that Plaintiff **Williams** stay at home to be on call to go and perform services for Defendants' customers.

49. Plaintiff **Williams** was not allowed to leave his house during this on call period.

50. Defendants would not count the hours worked by Defendants for being on call.

51. Defendants would pay Plaintiff **Williams** Fifty dollars ($50.00) per day for on call pay.

52. The $50.00 on call pay was not counted toward Plaintiff **Williams'** weekly remuneration toward computing overtime.

53. Defendants would not count Plaintiff **Williams'** travel time from his home to his first job each day of work.

54. Defendants provided Plaintiff with a company vehicle to perform his job, and he would use the company vehicle to travel to and from work and to all customer locations.

55. Defendants and Plaintiff **Williams** had no agreement in place concerning the use of the vehicle.

56. Plaintiff **Williams** would be required to travel outside the normal commuting area for the Defendants' business.

57. Defendants failed to pay Plaintiff **Williams** for all hours worked.

58. On occasions, Plaintiff **Williams** would work greater than 10 hours in a day.

59. Defendants failed to pay Plaintiff **Williams** spread of hours pay equal to one hour's pay computed at the NYS Minimum Wage as and for Spread of Hours pay.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Failure to pay overtime)
### (Fair Labor Standards Act & NYLL)

60. Plaintiff repeats, re-alleges and reincorporates each and every allegation as though fully set forth herein.

61. Defendants failed to compensate Plaintiff with overtime premium pay for hours worked in excess of 40 per week.

62. Pursuant to the FLSA & NYLL, Plaintiff was entitled to one and one-half of their regular rate of pay for all hours worked in excess of 40 hours per workweek.

63. Defendants willfully refused and failed to compensate Plaintiffs for overtime work, causing damage to Plaintiff.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Wage Theft Prevention Act Notice)

**(NYLL)**

64. Plaintiff repeats, re-alleges and reincorporates each and every allegation as though fully set forth herein.

65. Pursuant to the Wage Theft Prevention Act, New York Labor Law, §195, Defendants willfully failed to furnish Plaintiffs with a required notice containing the following information:

    i. the rates or rates of pay and basis thereof,

    ii. whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

    iii. the regular pay designated by the employer in accordance with NYLL §191;

    iv. the name of the employer;

    v. Any "doing business as" names used by the employer;

    vi. The physical address of the employer's main office or principal place of business, and a mailing address, if different;

    vii. The telephone number of the employer.

66. Due to Defendants' violation of NYLL §195, Plaintiffs are each entitled to recover from Defendants liquidated damages of $50 per workweek that the violation occurred, up to a maximum of $2,500, reasonable attorneys fees, and costs and disbursements of this action, pursuant to NYLL §198(1-b).

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(SPREAD OF HOURS PAY)**
**(12 NYCRR 142-2.4)**

67. Plaintiff repeats, re-alleges and reincorporates each and every allegation as though fully set forth herein.

68. Pursuant to 12 NYCRR 142-2.4, an employee is entitled to one extra hours pay at the NYS minimum wage when the employee works beyond 10 hours in a workday.

69. Plaintiff would periodically work beyond 10 hours in a workday and Defendants would not provide 1 hour extra pay at the NYS minimum wage.

70. As a result of Defendants' failure to comply with 12 NYCRR 142-2.2, Plaintiff has suffered harm.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(FAILUR TO PAY WAGES)**
**(NY LAB LAW 191)**

71. Plaintiff repeats, re-alleges and reincorporates each and every allegation as though fully set forth herein.

72. Pursuant to NY Lab. Law 191, an employer may not pay an employee later than the statutory period contained in the statute.

73. Defendants have withheld Plaintiff **Williams** wages in violation of NY Lab. Law 191 by failing to compensate Plaintiff **Williams** for each hour worked for Defendants.

74. As a result of Defendants' violation of NY Lab. Law 191, Plaintiff has suffered harm.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(FAILUR TO PROVIDE WAGE STATEMENT)**
**(NY LAB LAW 195)**

75. Plaintiff repeats, re-alleges and reincorporates each and every allegation as though fully set forth herein.
76. Pursuant to NY Lab. Law. 195, an employer is required to provide its employees with a statement of wages that includes: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

77. Defendants failed to comply with the provisions of NY Lab. Law. 195 by failing to provide an accurate wage statement in accordance with the statute.

78. As a result of Defendants failure to comply with NY Lab. Law. 195, Plaintiff has suffered harm.

JURY DEMAND

79. Plaintiffs demand trial by jury.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment:

    i. Directing Defendants to pay Plaintiff(s) the full value of all unpaid overtime premiums to Plaintiff for hours worked in excess of Forty (40) hours in a workweek pursuant to 29 U.S.C. §201 et. seq. and New York Labor Law;

    ii. Directing Defendants to pay Plaintiff the full value of all unpaid wages for hours worked but not paid.

    iii. Directing Defendants to pay damages to Plaintiff (s) under the Wage Theft Prevention Act of $50 per workweek, up to $2,500 per plaintiff, plus reasonable counsel fees, and costs, and disbursements for each cause of action under the Wage Theft Prevention Act;

    iv. Directing Defendants to pay Plaintiff(s)' costs and attorneys fees, pursuant to the FLSA and New York Labor Law;

    v. Directing Defendants to pay prejudgment interest, postjudgment, interest, costs and disbursements, and such other and further relief as this Court deems just and equitable.

Dated:   White Plains, New York
         January 16, 2016

                                               _____
                                                    Jordan El-Hag (JE3360)
                                                    Attorney for Plaintiffs
                                              777 Westchester Ave, Suite 101
                                                 White Plains, N.Y, 10604
                                                    (914) 755-1579 (p)
                                                    (914) 206-4176 (f)
                                                  Jordan@elhaglaw.com